## Commonwealth v. Smith,

*Donald J. McGonigal,* for petitioner.

*J. Stroud Weber,* assistant district attorney, for Commonwealth.

KNIGHT, P. J., December 4, 1942.—The petition sets forth that petitioner, after full hearing, was adjudged guilty of violating a "blackout" test, by the Burgess of West Conshohocken, on October 8, 1942, and directed to pay a fine of $25, together with $2.50 costs. Feeling that an injustice had been done him, petitioner filed his bond with surety in the sum of $100, on October 13, 1942, and on the same day the burgess filed a transcript of his record with the clerk of court.

Appeals from summary convictions in cases like this are not a matter of right, but may be had only when allowed by the court upon proper cause shown. Petitioner failed to present his petition for leave to appeal, within the time, five days, prescribed by law, and now asks permission to seek such leave nunc pro tunc. The district attorney has filed an answer, denying the sufficiency of the petition.

Petitions for leave to appeal nunc pro tunc from summary conviction must show two things:,

First.—Some proper reason for not complying with the law prescribing the time when the appeal is to be taken.

Second.—Valid reasons why the decision of the magistrate should be reviewed by this court.

The petition in this case fails in both these particulars.

Without discussing the same, we are of the opinion that the reason given for not filing the appeal within the allotted time is not proper or adequate.

We have held repeatedly in this court that an appeal from summary conviction will not be allowed unless it sets forth a doubtful legal question which is involved; or unless it is alleged that the magistrate acted corruptly or oppressively, or otherwise misconducted himself, with the facts to support such allegations. There is no averment here that a doubtful legal question is involved. The ordinance, or portion thereof, that petitioner was convicted of violating was not set forth in the petition, nor was a copy of the transcript of the burgess, as required by the rules of court. The magistrate is not accused of improperly construing or applying the law as contained in the ordinance or blackout regulations. Without some definite allegations of a mistake of law, it must be assumed that the proceedings were regular and the law properly applied.

Likewise, there is no allegation that the magistrate acted corruptly. There is an allegation that the burgess did "exercise a gross abuse of his discretion rather than decide the case upon its merits, and that the evidence presented by the prosecutor is insufficient to warrant a conviction for violation of the 'Blackout' Ordinance of the Borough of West Conshohocken."

These are all conclusions. In what way did the burgess abuse his discretion? In what respect was the evidence insufficient to warrant a conviction? There is too much left unsaid in this petition. Blackouts are something new in American life. In the enforcement,

largely by volunteers, of these regulations necessary for our safety in wartime, some clash of authority is bound to occur, some mistakes are inevitable, some confusion unavoidable. Until the regulations are widely known and well understood, they should be enforced with common sense and some degree of tolerance. A mistake may have been made, but the petition before us does not sufficiently set forth a case that will warrant a review by this court.

And now, December 4, 1942, the rule to show cause why leave to appeal nunc pro tunc should not be granted is discharged and the petition dismissed.